UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00091-SEB-MJD |
| | ) | |
| DARIEL HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS**

This cause is now before the Court on Defendant Dariel Hill's Motion for Leave to File Motion to Dismiss the Indictment under the Speedy Trial Act (18 U.S.C.A. § 3161(b)), Federal Rule of Criminal Procedure 5(a), and the Fourth, Fifth, and Sixth Amendments to the United States Constitution. [Dkt. 31]. For the reasons explicated below, we <u>DENY</u> Defendant's Motion for Leave to File Motion to Dismiss on untimeliness grounds and, in the alternative, we hold that, even if leave were granted, the Motion to Dismiss would require denial.

**Factual and Procedural Background**

A. <u>Factual Background</u>

On October 3, 2020, at approximately 2:02 A.M., Officer J. Malone of the Indianapolis Metropolitan Police Department ("IMPD") was flagged down by a person at East Michigan Street and North Sherman Street, Indianapolis, Indiana, who reported (and described) an individual running down East Michigan Street firing gunshots at vehicles.

[Dkt. 5 at 3]. Officer Malone undertook a search in his car for the subject and soon came upon a man fitting the description provided by the witness, later identified as Dariel Hill, carrying a black handgun. *Id.* Mr. Hill tossed the firearm in the nearby bushes as Officer Malone exited his vehicle, identified himself as a police officer, and verbally commanded Mr. Hill to stop and drop the firearm. *Id.*

Mr. Hill was then handcuffed and detained. *Id.* Officer Malone located a black Glock 23 .40 caliber semiautomatic handgun in the bushes where he had observed Mr. Hill toss the gun. *Id.* Assisting IMPD officers located several spent .40 caliber shell casings in the vicinity, which were eventually compared to Mr. Hill's handgun and found to match. *See id.*; [dkt. 32 at 2]. The spent shell casings were located in a densely populated residential area spanning approximately five city blocks. [Dkt. 5 at 3].

Mr. Hill was placed under arrest and transported to the Marion County Jail. *Id.* At the time of his arrest, Mr. Hill had been previously convicted of several crimes punishable by more than one (1) year of imprisonment, which statutorily prohibited him from possessing a handgun. *Id.* at 3–4.

B. Original Complaint and Indictment

On October 6, 2020, the State of Indiana charged Mr. Hill with a felony handgun offense and criminal recklessness. *See* [No. 1:21-cr-30, dkt. 17-1].[1] Mr. Hill remained in state custody up to and including December 8, 2020, when the United States assumed the

---

[1] The original complaint and indictment were electronically filed in cause number 1:21-cr-00030-SEB-TAB-1, which case is now closed. All citations to the docket entries filed in the original prosecution are designated as [No. 1:21-cr-30, dkt. #].

prosecution of the case by filing a federal criminal complaint. *See* [No. 1:21-cr-30, dkt. 2]. The Magistrate Judge found probable cause based on the complaint and authorized the issuance of an arrest warrant that same day. [No. 1:21-cr-30, dkt. 3]. The assigned federal case agent emailed a copy of the arrest warrant to the Marion County Jail Records Division on December 8, 2020 in an effort to place a federal hold on Mr. Hill. [No. 1:21-cr-30, dkt. 22 at n.1].

Mr. Hill remained in state custody until December 28, 2020, when the state charges were dismissed. [No. 1:21-cr-30, dkt. 17-1 at 4–5]. On that date, Mr. Hill came into the exclusive custody of the United States. *See* [No. 1:21-cr-30, dkt. 22 at 2]. However, Mr. Hill was never brought before a judicial officer for an initial appearance on the December 8, 2020 complaint. Instead, the United States secured a Grand Jury indictment against Mr. Hill on February 4, 2021—approximately 38 days after the dismissal of the state charges. [No. 1:21-cr-30, dkt. 5].

On February 11, 2021, the Magistrate Judge conducted an initial appearance on the federal indictment. [No. 1:21-cr-30, dkt. 23]. During the hearing, prior counsel for Mr. Hill orally moved to dismiss the indictment based on a violation of the Speedy Trial Act; during the hearing, the government was allowed a brief continuance to consider its response to the motion to dismiss. *Id.* at 2. Though seeking a dismissal of the indictment, Mr. Hill's counsel argued that whether the dismissal should be with or without prejudice under 18 U.S.C. § 3162(a) was an issue that could and should be deferred, stating that:

> Mr. Hill's position is that the prejudice determination is premature at this point. If this Court dismisses the indictment and orders Mr. Hill's immediate release the Government can decide if it wishes to refile in [sic]

3

> the indictment in this matter. If it does so, Mr. Hill can move to dismiss that indictment and the prejudice inquiry can occur then. Mr. Hill remains eligible to be prosecuted in state court under the original charges he faced in the fall of 2020. There is no impediment to Mr. Hill's prosecution in state court.

[No. 1:21-cr-30, dkt. 21 at 3].

Later, on February 11, 2021, the Magistrate Judge granted Mr. Hill's motion to dismiss based on a determination that the government had violated the Speedy Trial Act by failing to indict Mr. Hill within 30 days of his arrest on the complaint. [No. 1:21-cr-30, dkt. 22]; *see also* 18 U.S.C. § 3161(b). The dismissal order was silent as to whether the dismissal was with or without prejudice and neither Mr. Hill nor his counsel thereafter sought a clarification or reconsideration of the dismissal order. *Id.*

C. Present Complaint and Indictment

On February 17, 2021, the government filed a second complaint against Mr. Hill, preferring the same charge as that set out in the original complaint. [Dkt. 2.] The Magistrate Judge found probable cause to exist and authorized the issuance of another arrest warrant that same day. [Dkt. 3.] Prior to Mr. Hill's arrest on the complaint warrant, the government obtained a Grand Jury indictment against Mr. Hill on March 16, 2021. [Dkt. 5.] On March 18, 2021, the Court issued a "Notification of Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order, and Other Matters," directing that all pre-trial motions contemplated by the Federal Rules of Criminal Procedure be filed within thirty (30) days following either the appearance of counsel or notice given by the defendant of the assertion of the right of self-representation. [Dkt. 13 at 9.]

Mr. Hill was arrested on April 11, 2021. [Dkt. 32-1]. On April 15, 2021, the Court held an initial appearance on the indictment. [Dkt. 19]. Mr. Hill's newly appointed counsel entered an appearance on this date as well. [Dkt. 17]. Mr. Hill consented to pretrial detention and his trial date was set for May 17, 2021. *See* [dkt. 13; dkt. 22]. Mr. Hill subsequently sought three (3) unopposed continuances of his trial date, which were each granted. *See* [dkt. 25; dkt. 27; dkt. 29]. Mr. Hill's current trial date is May 23, 2022. [Dkt. 30].

On March 2, 2022, Mr. Hill filed a Motion for Leave to File Motion to Dismiss the Indictment with prejudice, pursuant to the Speedy Trial Act, Fed. R. Crim. P. 5(a), and the Fourth, Fifth, and Sixth Amendments. [Dkt. 31.] Mr. Hill cites the prior procedural circumstances as his justification for seeking an order deeming the prior dismissal of the first indictment to be *with* prejudice, [No. 1:21-cr-30, dkt. 22], thereby preventing the United States from bringing the same charge against him in this second prosecution. In response, the United States argues that Mr. Hill's motion is barred on two alternative grounds: either on the basis of his waiver or delay, or that, notwithstanding these procedural defaults, Mr. Hill's motion fails on the merits.

## Discussion

### I. Mr. Hill's Motion for Leave to File Motion to Dismiss is Untimely

In opposing Mr. Hill's motion(s), the United States cites Rule 12(b)(3), which controls defenses based on defects in a prosecution: namely, a preindictment delay or violation of the constitutional right to a speedy trial. Fed. R. Crim. P. 12(b)(3)(A)(ii), (iii). The government argues that Mr. Hill's motion should be denied due to its

untimeliness for failing to comply with the court-imposed deadline for such motions of thirty days following the appearance of counsel for the parties. Mr. Hill's motion was filed nearly eleven months after appointed counsel had entered an appearance on his behalf. *See* Fed. R. Crim. P. 12(c)(1).

Mr. Hill seeks to excuse his delay in filing on the grounds that it resulted from the extraordinary amount of legal research he had to conduct from within the confines of his jail cell and his repeated requests to his counsel for assistance in order to understand these legal issues. Mr. Hill objects to being back in custody facing the same charges that were previously dismissed because of the government's violation of the Speedy Trial Act as fundamentally unfair.

We repeat: defense counsel for Mr. Hill filed his appearance on April 15, 2021. The deadline for any motion to dismiss thus was no later than May 15, 2021 (30 days). The motion pending before us was filed on March 2, 2022, (approximately eleven months late) which is untimely to a significant degree. Where a motion filed pursuant to Rule 12(b)(3) is untimely, as this one clearly is, the Court may nonetheless consider the defense, objection, or request if the party shows good cause. However, our review establishes no such good cause exists to justify the delay.

Mr. Hill's "time consuming research," which he cites as the cause of his delay, does not suffice as a justification because it was never incumbent on Mr. Hill to undertake such research since he has been represented throughout these proceedings by counsel. Counsel is charged with the responsibility to identify viable legal defenses and perform the necessary research and file the required motions. It seems likely that Mr.

Hill's defense counsel did not regard a motion to dismiss on Speedy Trial grounds as legally appropriate or viable under the circumstances of Mr. Hill's case. In fact, even at this juncture, counsel for Mr. Hill has not attempted to justify the untimely filing of the motion to dismiss, explaining merely that he has filed this motion at the behest of Mr. Hill, which action he describes to be, "an administratively preferable alternative to *pro se* representation." [Dkt. 31 at 1]. Thus, the motion presents Mr. Hill's legal theories in response to Mr. Hill's continued insistence. *See United States v. Suggs*, 703 Fed. Appx. 425, 428 (7th Cir. 2017) (concluding that good cause did not exist where appointed counsel had been representing defendant for five months and failed to offer a substantive justification for untimely filing). In the absence of good cause for the delay, Mr. Hill's motion must be dismissed.

We shall proceed nonetheless to resolve the merits of Mr. Hill's motion to dismiss. *See United States v. Williams*, No. 4:20-cr-2-TWP-VTW, 2021 WL 2042567, at *2 (S.D. Ind. May 21, 2021) (ruling on the merits of an untimely pretrial motion even though defendant provided no reason to excuse his untimely filing). The upshot of our review demonstrates that Mr. Hill would not prevail on the merits of his Speedy Trial arguments, even if the motion were timely filed.

## II.     The Dismissal of Mr. Hill's Original Indictment Allows Re-prosecution

The United States argues that Mr. Hill waived the issue of whether the dismissal of the original prosecution occurred with or without prejudice when, during the prior proceedings, his counsel failed to raise this issue and secure a ruling by the Magistrate Judge. *See United States v. Pappas*, 409 F.3d 828, 829 (7th Cir. 2005) ("[W]aiver occurs

when a defendant intentionally relinquishes or abandons a known right." (quoting *United States v. Harris*, 230 F.3d 1054, 1058 (7th Cir. 2000) (internal quotation marks omitted)). On the facts before us, we do not agree that this issue was waived by Defendant or his prior counsel. Counsel stated that a decision as to whether the dismissal was with or without prejudice would have been premature at that time because, according to counsel, "[i]f this Court dismisses the indictment and orders Mr. Hill's immediate release the Government can decide if it wishes to refile in [sic] the indictment in this matter. If it does so, Mr. Hill can move to dismiss that indictment and the prejudice inquiry can occur then." [No. 1:21-cr-30, dkt. 21 at 3]. This was not the intentional relinquishment of the right to raise this issue; it was merely a recommendation to defer the issue until such time as the determination would be necessary. Given the issuance of the second indictment, there is now a need to address whether the dismissal was with or without prejudice.

      To recap: Mr. Hill's original indictment was dismissed based on the Speedy Trial Act without any indication of whether the dismissal was with or without prejudice. [No. 1:21-cr-30, dkt. 22]. When a court dismisses a complaint outside the thirty-day Speedy Trial Act period and is silent as to whether the dismissal is with or without prejudice, "a subsequently filed indictment should be dismissed only if the complaint *should have been* dismissed with prejudice." *United States v. Villanueva*, Nos. 07-M-24, 07-CR-149, 2007 WL 1813922 (E.D. Wis. June 21, 2007) (emphasis added) (quoting *United States v. Miller*, 23 F.3d 194, 196 (8th Cir. 1994) (internal quotation marks omitted)). If the indictment should have been dismissed *without* prejudice, the Speedy Trial Act clearly allows for re-prosecution. *See, e.g., United States v. Bittle,* 699 F.2d 1201, 1207 (D.C.

8

Cir. 1983) ("The final version of the Speedy Trial Act clearly allows reprosecution after dismissal without prejudice for violations of the Act."); *see also United States v. Sykes*, 614 F.3d 303, 309–311 (7th Cir. 2010) (discussing the district court's discretion in determining whether to dismiss a federal indictment with or without prejudice).

Stated otherwise, the pending indictment requires dismissal only if the original indictment in cause number 1:21-cr-00030-SEB-TAB-1 should have been dismissed *with* prejudice. In making this determination, the Speedy Trial Act provides that a court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition to these enumerated factors, "the court should consider whether the defendant has been prejudiced." *Sykes*, 614 F.3d at 309.

For the reasons outlined below, we find that Mr. Hill's original indictment should have been dismissed without prejudice, thereby leaving the government free to reprosecute him.

### A. Seriousness of the Offense

Here, the parties do not dispute that the offense with which Mr. Hill has been charged is serious. A conviction for this offense carries a term of imprisonment of up to ten years. [Dkt. 31-3 at 3; Dkt. 32 at 9]. Additionally, Mr. Hill's conduct as alleged in the indictment involved extremely dangerous and life-threatening acts, including the open discharge of a firearm on a public street. Because there is a strong public interest in regulating the use of firearms, even uses that do not result in physical injury, the

9

seriousness of the charged conduct weighs in favor of a finding that the dismissal of the original charge should have been without prejudice. *See United States v. Killingsworth*, 507 F.3d 1087, 1090–91 (7th Cir. 2007).

### B. Facts and Circumstances

Mr. Hill's original indictment which was dismissed because the United States did not comply with the Speedy Trial Act, [No. 1:21-cr-30, dkt. 22], resulted in a nonexcludable eight-day delay; that delay, says Mr. Hill, was a violation of his rights under Federal Rule of Criminal Procedure 5, which required that he be brought "without unnecessary delay" before a magistrate judge following his arrest on federal charges. [Dkt. 31-3 at 3–4]. The United States rejoins that an eight-day delay is neither significant nor sufficient to warrant the dismissal of the original indictment with prejudice. Other courts have allowed much longer periods of delay in other cases. *United States v. Arango*, 879 F.2d. 1501, 1507–08 (7th Cir. 1989) (affirming district court order dismissing narcotics indictment *without* prejudice based on state's three-month violation of Speedy Trial Act); *United States v. Taylor*, 487 U.S. 326, 340–42 (1988) (finding that a 14-day delay was not so great as to mandate dismissal with prejudice). The United States also emphasizes that there was no willful or deliberate intent to circumvent the Speedy Trial Act in Mr. Hill's case. At most, its failure to schedule Mr. Hill's appearance on the original indictment was due to a breakdown in communications between the government and the State of Indiana. [Dkt. 32 at 10, 12].

Case law directs that "[t]he Court ask[] first whether 'the Government acted in bad faith' with respect to the defendant, whether there is 'any pattern of neglect by the local

10

United States Attorney,' or any other 'apparent antipathy' toward the defendant." *United States v. Cruz-Rivera*, No. 1:20-cr-00245-JPH-TAB, 2021 WL 1785302, at *3 (S.D. Ind. May 5, 2021) (quoting *Taylor*, 487 U.S. at 339). The United States concedes that the eight-day delay violated the Speedy Trial Act, but it does not reveal any intentional violation of Mr. Hill's rights whereby he was wantonly deprived of liberty or otherwise substantially prejudiced. We hold that the government's explanation that its delay arose from a miscommunication between state and federal law enforcement officials is reasonable and factually true, and Mr. Hill has not shown that this period of delay resulted from any bad faith, misconduct, or a pattern of neglect on the part of the government. *Cruz-Rivera*, 2021 WL 1785302, at *3; *Killingsworth*, 507 F.3d at 1090–91. Accordingly, the circumstances causing the delay weigh in favor of a finding that the dismissal be without prejudice.

### C. Impact of Re-prosecution

Mr. Hill argues that a determination that the original indictment should have been dismissed with prejudice is the most effective means of encouraging future compliance with the requirements of the Speedy Trial Act. The government disagrees, pointing out that the impact of reprosecution imposes no injustice on Mr. Hill, given that a state court judge and a federal magistrate judge both determined probable cause existed to support Mr. Hill's arrest. If the federal authorities had not adopted this case for prosecution, the State could have continued to pursue its charges against Mr. Hill. The United States further argues that a "speedy trial" is not actually Mr. Hill's real goal here as he has sought three (3) unopposed motions to continue his trial date contributing to a year-long

11

delay in the finalization of these charges against him. The government maintains that Mr. Hill's alleged concern over his entitlement to a speedy trial or whether his constitutional rights to a speedy trial were violated rings hollow.

The impact of a reprosecution when analyzed under the Speedy Trial Act or in terms of the administration of justice is minimal. The mere fact of a violation of the Speedy Trial Act does not by itself require a dismissal with prejudice, especially in light of all the other relevant considerations such as the seriousness of the offense, the minor extent of the delay, and the lack of any bad faith. *Killingsworth*, 507 F.3d at 1091. The Speedy Trial Act violation has required the dismissal of the original indictment, which is a form of sanction in its own right. *See id*. "The purpose of the Act would not be served by requiring the court to impose the maximum sanction for a minimum violation." *Id.* (quoting *United States v. Hawthorne,* 705 F.2d 258, 261 (7th Cir. 1983)) (internal quotation marks omitted). Thus, we hold that the third factor under 18 U.S.C. § 3162(a)(1) also favors a finding that the original indictment should have been dismissed without prejudice.

### D.  Prejudice to Defendant

Finally, we examine whether the defendant has been prejudiced by the violation of the Speedy Trial Act. Mr. Hill has not cited any actual prejudice beyond the eight-day delay. Mr. Hill consented to an order of detention and has shown no prejudice to his legal defense. The three (3) continuances he sought of his trial date, totaling up to a year of excludable delay, further erodes any claim of prejudice based on the Speedy Trial violation. "[W]hether the defendant caused or agreed to delays is a factor that courts

consider in determining whether the defendant incurred any prejudice due to the delays." *United States v. Tomkins*, No. 07 CR 227, 2012 WL 1579339, at *2 (N.D. Ill. May 4, 2012) (citing *Sykes*, 614 F.3d at 309). Thus, because the crime charged is serious, the period of delay was neither extended nor intentional and there is no basis on which to worry or be concerned that such violations are likely to recur, and because Mr. Hill has failed to demonstrate that he has suffered actual prejudice from the delay, we find that Mr. Hill's initial indictment should have been dismissed without prejudice.

### E.  Conclusion

For the reasons set forth above, Mr. Hill's motion seeking leave to file a motion to dismiss based on a violation of the Speedy Trial Act is <u>DENIED</u>. Based on the factors set out in 18 U.S.C. § 3162(a), we hold that the original indictment should have been dismissed without prejudice. *Miller*, 23 F.3d at 196.

### III.   Mr. Hill's Constitutional Claims Fail

Mr. Hill also moves for leave to file a motion to dismiss the indictment with prejudice based on violations of his rights under the Fourth, Fifth, and Sixth[2] Amendments to the Constitution. [Dkt. 31 at 2]. These arguments have been waived

---

[2] Mr. Hill's Fifth Amendment claim is that "his right to Due Process of Law under the 5th Amendment were [sic] affected and violated by the Speedy Trial Act violation complained of." This assertion is entirely insufficient to support a finding that Mr. Hill's Fifth Amendment rights were violated. Regarding the Sixth Amendment claim, Mr. Hill again does not discuss the factors relevant to determine whether a defendant's right to a speedy trial has been violated as required by pertinent authority; but this claim fails for the reasons already stated. After thorough review of the four factors used to determine whether a defendant's right to a speedy trial has been violated under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant, we stand on our prior analysis and discussion. *See United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009).

given his failure to file a separate analysis. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (collecting cases); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim.") (citation omitted).

Mr. Hill claims that his Fourth Amendment rights were violated by the delay following his detention prior to his indictment. [Dkt. 31-3 at 6]. However, defense counsel concedes that Mr. Hill's detention in the Marion County Jail was secured by the pending arrest warrant. Mr. Hill cites *Long v. Madison County Sheriff*, No. 1:17-CV-00142-SEB-TAB, 2020 WL 1876142 (S.D. Ind. Apr. 15, 2020), to assert that the "Fourth Amendment is violated when an arrested individual does not receive a probable cause determination within 48 hours . . ." Because Mr. Hill did in fact receive not just one, but two independent probable cause determinations both in a timely manner—first in state court and then in federal court, no Fourth Amendment violation occurred based on an untimely probable cause determination.

### IV.  Conclusion

For the reasons explicated above, Mr. Hill's Motion for Leave to File Motion to Dismiss [Dkt. 31] is <u>DENIED</u>.

IT IS SO ORDERED.

Date:   4/19/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

14

Distribution:

William H. Dazey, Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jayson.mcgrath@usdoj.gov